UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>    v.<br><br>THERESA R. HARDY,<br><br>                Defendant,<br>    v.<br><br>INSPIRATIONAL WORKSHOPS,<br><br>                Garnishee-Defendant. | CASE NO. 2:24-mc-00053-LK<br><br>ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION |

      This matter comes before the Court on the Government's petition under 28 U.S.C. § 3205(c)(6) for an order requiring garnishee Inspirational Workshops to appear and show cause why, after being served with a Writ of Garnishment issued by this Court, it has failed to answer the writ and withhold the non-exempt property of defendant/judgment debtor Theresa R. Hardy aka Theresa Romance Carter-Vincent ("Ms. Hardy"). Dkt. No. 9. After the Government filed its

petition, Ms. Hardy filed a Motion To Quash Writ of Garnishment. Dkt. No. 10. For the reasons set forth below, the Court denies Ms. Hardy's motion and grants the Government's petition.

## I. BACKGROUND

On September 3, 2024, the Government filed an application for a Writ of Continuing Garnishment of property due and owing to the Defendant/Judgment Debtor, Ms. Hardy, from the Garnishee, Inspirational Workshops, noting that a balance of $34,063.23 remained outstanding from the judgment for criminal restitution entered in *United States v. Theresa R. Hardy*, No. 2:08-CR-0198-3 (W.D. Wash.). Dkt. No. 1 at 1–2. The Court granted that application and issued the writ. Dkt. Nos. 2, 3.

On September 30, 2024, the United States Marshals Service personally served Inspirational Workshops—through its registered agent, Kathy Hardy—with the writ and related documents, including the Court's Order to Issue Writ of Continuing Garnishment and a form answer. *See* Dkt. No. 8 (Process Receipt and Return listing documents served). The Marshals also personally served Theresa Hardy with the writ and related documents on October 16, 2024. *See* Dkt. No. 7 (Process Receipt and Return, noting that after Ms. Hardy opened the door of her residence, she "refused to take" the documents from the Deputy Marshals, and they left the documents at her door).

The writ required Inspirational Workshops to file its Answer "within **ten (10) days**" of its receipt of the writ. Dkt. No. 3 at 2. The writ also instructed Inspirational Workshops to immediately withhold and retain Ms. Hardy's property as described. *Id.* Finally, the writ advised Inspirational Workshops that if it failed to Answer or withhold Ms. Hardy's property "in accordance with this Writ," the Government could "petition the Court for an Order requiring [it] to appear before the Court." *Id.* at 3.

Despite being served with the writ and related documents in September 2024, Inspirational Workshops has not filed its Answer. The Government filed this petition on October 15, 2025. Dkt.

ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION - 2

No. 9. Three weeks later, Ms. Hardy filed a motion to quash the writ and to require the Government "to provide a complete and transparent accounting of restitution, including which entities have received funds and how the payments have been applied." Dkt. No. 10 at 2–3 (emphasis altered). The Government opposes the motion to quash the writ. *See* Dkt. No. 12.

## II.    DISCUSSION

**A.    The Court Denies Ms. Hardy's Motion to Quash the Writ**

Ms. Hardy contends that the Court should quash the writ because she has "paid approximately $56,000 toward" her $90,000 restitution obligation, and she "intend[s] to resume voluntary monthly payments of $25, beginning 12/05/2025, to continue fulfilling this obligation in good faith." Dkt. No. 10 at 1–2 (emphasis omitted). She adds that the garnishment would "undermine vital work" of Inspirational Workshops—the non-profit organization she leads—and that she is "the only one being pursued for restitution collection" even though "multiple individuals were involved" in the underlying criminal case. *Id.* at 1–3 (emphasis omitted).

The Government responds that the Court should deny Ms. Hardy's motion as untimely because she "missed the 20-day deadline by a year," and her "objections to the Writ of Garnishment are not cognizable under 28 U.S.C. § 3202(d)." Dkt. No. 12 at 3–6.

1. <u>Ms. Hardy's Motion Is Untimely</u>

The Federal Debt Collection Procedures Act of 1990 ("FDCPA"), 28 U.S.C. §§ 3001–3308, sets forth the "exclusive civil procedures for the United States . . . to recover a judgment on . . . an amount that is owing to the United States on account of . . . restitution." *Id.* §§ 3001(a)(1), 3002(3)(B). "The FDCPA was enacted 'to give the Justice Department uniform Federal procedures—prejudgment remedies and postjudgment remedies—to collect debts owed the United States nationwide.'" *United States v. Mays*, 430 F.3d 963, 965 (9th Cir. 2005) (quoting H.R. Rep. No. 103–883, at 81 (1995)). Section 3205 of the FDCPA provides that "[a] court may issue a writ

ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION - 3

of garnishment . . . in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). However, "the judgment debtor may move to quash the order granting such remedy" by "requesting, within 20 days after receiving the notice described in section 3202(b), the court to hold a hearing" pursuant to Section 3202(d) of the FDCPA. 28 U.S.C. § 3202(d).[1]

The Marshals served Ms. Hardy on October 16, 2024 with the writ of garnishment and "Notice to Defendant/Judgment Debtor from Clerk w/ Request for Hearing and Notice on How to Claim Exemptions and Claim Exemption Form." *See* Dkt. Nos. 5, 7. Consequently, Ms. Hardy's 20-day period to object to the writ of garnishment expired on November 5, 2024, *see* 28 U.S.C. § 3202(d), but Ms. Hardy did not file her motion to quash the writ until over a year later, on November 6, 2025, Dkt. No. 10. Ms. Hardy does not dispute that she received timely notice, nor does she move to extend the objection deadline or provide any basis to do so. *See generally id.* Accordingly, the Court denies her motion to quash as untimely. *See, e.g.*, *Yin*, 2017 WL 4676834, at *2 (denying as untimely objections filed 57 days after service of the writ of garnishment); *United States v. Skeins*, No. 14-cv-1457-JLR, 2014 WL 5324880, at *2 (W.D. Wash. Oct. 17, 2014) (denying pro se defendant's motion for relief from garnishment as untimely under 28 U.S.C. § 3202(d), and noting that "[t]he statutes . . . make no provision for late filings, even by pro se litigants").

  2. Ms. Hardy's Objections Are Not Cognizable

Even if Ms. Hardy's motion were timely—which it is not—the Court would still deny her objections because they fail to state cognizable grounds for relief. Where, as here, "the underlying judgment was not by default, a judgment debtor can obtain relief from garnishment on only two

---

[1] "A judgment debtor can also file an objection to the garnishee's answer and request a hearing under 28 U.S.C. § 3205(c)(5) within 20 days after receipt of the answer." *United States v. Yin*, No. 17-cv-01284-JLR, 2017 WL 4676834, at *1 (W.D. Wash. Oct. 16, 2017). This provision is inapplicable here because Inspirational Workshops has not filed an answer.

ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION - 4

bases: a valid exemption or the government's failure to comply with the statutory requirements for the garnishment process." *Skeins*, 2014 WL 5324880, at *2 (citing 28 U.S.C. § 3202(d)); *see also United States v. Webb*, No. CR10-1071-PHX-JAT (LOA), 2014 WL 2153954, at *4 (D. Ariz. May 15, 2014)). "The judgment debtor has the burden of proving that a basis for relief exists." *Skeins*, 2014 WL 5324880, at *2 (citing 28 U.S.C. § 3205(c)). As the Government notes, Dkt. No. 12 at 4, "Ms. Hardy's Motion to Quash does not claim any property exemptions or any failures by the United States to comply with statutory requirements," *see generally* Dkt. No. 10. Although she claims that "[t]he garnishment places significant financial strain on [her] personal livelihood and the nonprofit organization [she] lead[s]," *id.* at 2, the statute does not recognize financial hardship as a valid objection, *see* 28 U.S.C. § 3202(d)(1)–(2); *see also Skeins*, 2014 WL 5324880, at *3 (noting that "[g]eneralized financial hardship . . . is not a valid exemption"); *United States v. Turnipseed*, No. 2:21-cv-00091-RAJ, 2021 WL 3630522, at *2 (W.D. Wash. Aug. 17, 2021) (denying objection because the "claim of financial hardship falls outside the scope of any property or right that is statutorily exempted from garnishment").

The Government further argues that Ms. Hardy's other objections fall outside the scope of Section 3202(d), including her "claimed past payment history, her intent to make minimal future payments of $25/month, claimed adverse effects on the Garnishee, the nonprofit organization that she leads, allegedly 'inequitable' enforcement compared with her co-defendants, and her request for an accounting of restitution payments in this case." Dkt. No. 12 at 5–6. The Court agrees with the Government that none of these objections set forth a valid exemption under 28 U.S.C. § 3202(d). Even if Ms. Hardy's objection based on selective enforcement were cognizable, it is factually incorrect: "all defendants together have paid $56,172.66 of th[e] $90,000 restitution debt," and of that amount, Ms. Hardy "has paid only $7,356.63 individually, meaning that her co-defendants have collectively paid the other $48,816.03." Dkt. No. 12 at 6; *see* Dkt. No. 13 at 1–2;

ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION - 5

Dkt. No. 13-1 at 1–3.[2] And even if Ms. Hardy's objections could be construed as a motion to limit the garnishment under 28 U.S.C. § 3013, the Court would deny the motion since Ms. Hardy did not submit evidence that her economic circumstances have deteriorated to the point that garnishment should be limited to $25 per month. She previously admitted to committing a crime for financial gain, pleaded guilty, and was sentenced under the statutory framework and the United States Sentencing Guidelines. *See United States v. Theresa R. Hardy*, No. 2:08-CR-0198-3, Dkt. Nos. 99, 123 (W.D. Wash.). She should not be excused from her obligation to pay restitution based on conclusory statements regarding the effect of the garnishment on her organization. *See United States v. Dozier*, No. CR-12-01879-001-PHX-DGC, 2019 WL 1714132, at *2 (D. Ariz. Mar. 26, 2019) (finding that defendant failed to meet his burden of proof pursuant to 28 U.S.C. § 3202(d) when he "contested the garnishment based on financial hardship for which he provided no supporting legal authority"), *report and recommendation adopted,* 2019 WL 1676083 (D. Ariz. Apr. 17, 2019).

Finally, "Section 3202 provides that courts 'shall' hold a hearing when a hearing request is timely made by the judgment debtor." *Turnipseed*, 2021 WL 3630522, at *3 (quoting 28 U.S.C. § 3202(d)). Here, no hearing is required because Ms. Hardy states that she is "not requesting a hearing at this time unless the Court determines one is necessary." Dkt. No. 10 at 3. Further, no hearing is required when the debtor's objections "are beyond the scope of a § 3202(d) hearing." *Turnipseed*, 2021 WL 3630522, at *3; *Baxter*, 2019 WL 2124219, at *3 (same). A hearing is not necessary under these circumstances, and the Court therefore declines to hold one.

---

[2] The Government notes that "Ms. Hardy's request for an accounting provides no valid objection to the Writ of Garnishment, but she can see all her payments reported on the Payment History attached to this Response." Dkt. No. 12 at 6 (citing Dkt. No. 13-1).

ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION - 6

For the foregoing reasons, the Court denies Ms. Hardy's Motion To Quash Writ of Garnishment. Dkt. No. 10. The Court also notes that "if a defendant knowingly fails to pay a delinquent fine or restitution the court may resentence the defendant to any sentence which might originally have been imposed." 18 U.S.C. § 3614.

### B. The Court Grants the Government's Petition and Orders Inspirational Workshops to Appear and Show Cause

The Government has filed a petition under 28 U.S.C. § 3205(c)(6) seeking an order requiring garnishee Inspirational Workshops to appear and show cause why, after being served with the Writ of Garnishment, it has failed to answer the writ and withhold Ms. Hardy's property. Dkt. No. 9. Inspirational Workshops has not appeared or responded to the motion.

The FDCPA provides that a garnishee must answer a writ of garnishment within 10 days of service of the writ. 28 U.S.C. § 3205(c)(2)(E). If the garnishee "fails to answer the writ of garnishment or to withhold property in accordance with the writ, the United States may petition the court for an order requiring the garnishee to appear before the court to answer the writ and to so withhold property before the appearance date." *Id.* § 3205(c)(6).

The Government argues that Inspirational Workshops' failure to file an answer to the writ impedes its effort to collect the remaining restitution amount from Ms. Hardy because "the Answer is a prerequisite to a 'disposition' order." Dkt. No. 9 at 3 (citing 28 U.S.C. § 3205(c)(7)). That is, after the garnishee files its answer, a court must "promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest in such property," 28 U.S.C. § 3205(c)(7), such as directing it be paid as "to the Clerk of Court to be applied to the judgment debt," Dkt. No. 9 at 3. Because Inspirational Workshops has not answered the writ, the Government does not know whether it has withheld Ms. Hardy's property as the writ directed. *Id.*

ORDER DENYING DEFENDANT'S MOTION TO QUASH THE WRIT; GRANTING UNITED STATES' PETITION - 7

The Court finds that Inspirational Workshops was duly served with the writ, *see* Dkt. Nos. 6, 8, and has failed to answer it, *see* Dkt. No. 9 at 2. The Government is thus entitled to an order requiring Inspirational Workshops to appear before the Court to answer the writ and to withhold property before the appearance date. 28 U.S.C. § 3205(c)(6).

The Court also reminds Ms. Hardy and Inspirational Workshops that business entities other than sole proprietorships must be represented by counsel in federal court and cannot proceed pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). This rule also applies to a non-profit, which "cannot be represented by a non-attorney and cannot represent itself[.]" *Universal Life Church Monastery Storehouse v. Cauley*, No. C13-0592-JCC, 2013 WL 12177068, at *1 (W.D. Wash. Aug. 2, 2013); *see also Brinskele v. United States*, No. C-13-MISC-80094 JSW (DMR), 2014 WL 12601027, at *3 (N.D. Cal. Apr. 15, 2014) (noting that the court did not permit the judgment-debtor to appear on behalf of a garnishee corporation at a Section 3205(c)(6) show cause hearing), *report and recommendation adopted*, 2014 WL 4826153 (Sept. 29, 2014). Accordingly, while Theresa Hardy can represent herself, she cannot appear at the hearing on behalf of Inspirational Workshops. *See, e.g.*, *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (holding that corporation's president and sole shareholder could not make "an end run" around the counsel requirement by intervening pro se rather than retaining counsel to represent the corporation); *United States v. Slay*, No. 1:11-CV-263 (RC/KFG), 2012 WL 13135711, at *2 (E.D. Tex. Sept. 13, 2012) (noting that the court declined to hear a pro se litigant's motions on behalf of garnishee trust entities in a hearing on the

government's motion to show cause for failure to answer a writ of continuing garnishment "until all of the trust entities are represented by an attorney in accordance with 28 U.S.C. § 1654").

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Ms. Hardy's Motion To Quash Writ of Garnishment, Dkt. No. 10, GRANTS the Government's petition, Dkt. No. 9, and ORDERS as follows:

1. Inspirational Workshops and the United States shall appear at a hearing on **January 7, 2026, at 10:00 a.m. in Courtroom 13106.**

2. At least seven days before the hearing date, Inspirational Workshops shall file its answer to the writ, using the "Form Answer" it received when it was served with the writ. Inspirational Workshops' answer shall include an accounting of all payments it has made to Ms. Hardy after September 30, 2024, in addition to all other information specifically requested by the Form Answer.

3. At the hearing, Inspirational Workshops shall show cause, if there is any, why it failed to answer the writ timely and, if it failed to withhold Ms. Hardy's nonexempt property in its custody, control, or possession after being served with the writ, why it failed to withhold such property.

4. Inspirational Workshops is notified again that if it fails to appear at the hearing, or if it appears and does not show good cause why it failed to comply with the writ, the Court may enter judgment against Inspirational Workshops for the value of Ms. Hardy's nonexempt interest in such property (including nonexempt disposable earnings).

5. After the hearing, the Court will enter any appropriate further order(s).

6. The United States shall promptly serve a copy of this Order on Theresa Hardy and Inspirational Workshops and file proof of service.

Dated this 15th day of December, 2025.

*Lauren King*
Lauren King
United States District Judge