Hon. Lauren King

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:24-mc-00053-LK |
| Plaintiff, | [PROPOSED] ORDER FOLLOWING SHOW CAUSE HEARING |
| v. | |
| THERESA R. HARDY aka THERSA ROMANCE CARTER-VINCENT, | |
| Defendant/ Judgment Debtor, | |
| and | |
| INSPIRATIONAL WORKSHOPS, | |
| Garnishee. | |

Pursuant to an Order to Appear and Show Cause entered December 15, 2025, the Court held a show cause hearing on January 7, 2026. The United States appeared through counsel. Defendant/Judgment Debtor Theresa R. Hardy (Ms. Hardy) appeared pro se. Garnishee Inspirational Workshops (Garnishee) did not appear. The Court makes the following findings of fact and enters the Order below.

**Findings of Fact**

The United States served Ms. Hardy and Garnishee with the December 15, Show Cause Order via U.S. Mail on December 17, 2025. ECF No. 15 (Certificate of Service). The Show

[PROPOSED] ORDER FOLLOWING SHOW CAUSE HEARING
Case No. 2:24-mc-00053-LK - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Cause Order had directed Garnishee to appear at the January 7, 2026, hearing and show cause why it failed to timely answer the writ of garnishment and, if it failed to withhold Ms. Hardy's nonexempt earnings after being served with the writ on September 30, 2024, show cause why it failed to do so.  ECF No. 14 at 9.  Additionally, the Show Cause Order required Garnishee to file, at least seven days before the hearing, the "Form Answer" it received when it was served with the writ of garnishment, and to provide an accounting of all payments it made to Ms. Hardy after September 30, 2024.  *Id*.  Despite being served with the Show Cause Order, Garnishee failed to appear at the hearing, file the Form Answer, or provide an accounting of its payments to Ms. Hardy.  The Court therefore finds Garnishee failed to appear and show cause.

At the hearing, the Court asked whether it should enter a money judgment against Garnishee for failure to answer the writ and to appear and show cause, pursuant to 28 U.S.C. § 3205(c)(6).[1]  Counsel for the United States responded that entry of a judgment is authorized by that statute, but the amount of such a judgment cannot be calculated without Ms. Hardy's wage data from September 30, 2024, through the present.  Accordingly, the United States proposed a further order directing Garnishee to file the Answer within 30 days.  The United States also stated it would seek Ms. Hardy's wage data via subpoena from the Washington State Employment Security Department.

//

//

//

---

[1] 28 U.S.C. § 3205(c)(6) provides, in relevant part: "If the garnishee fails to appear, or appears and fails to show good cause why the garnishee failed to comply with the writ, the court shall enter judgment against the garnishee for the value of the judgment debtor's nonexempt interest in such property (including nonexempt disposable earnings)."

[PROPOSED] ORDER FOLLOWING SHOW CAUSE HEARING
Case No. 2:24-mc-00053-LK - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## Order

Based on the above findings of fact, the Court orders as follows:[2]

1. Garnishee is subject to entry of a money judgment under 28 U.S.C. § 3205(c)(6), equal to the amount of Ms. Hardy's nonexempt <u>interest in property held by the Garnishee</u>. ~~property that it failed to withhold pursuant to the writ of garnishment in this case. That amount is the difference between the amount it withheld from Ms. Hardy's wages and the amount it was required to withhold under the writ (25 percent of Ms. Hardy's disposable earnings); *see* 18 U.S.C. § 3613(a)(3); 15 U.S.C. § 1673(a)(1). The Court will calculate the amount of such judgment after it receives evidence of Ms. Hardy's relevant wage data via an Answer filed by Garnishee and/or any evidence submitted by the United States within the 20-day objection period. *See* 28 U.S.C. § 3205(c)(5).~~

2. **By February 9, 2026**, Garnishee shall complete and file with the Clerk of Court the "Form Answer" that accompanied the writ of garnishment **and** shall include as an attachment to the Form Answer an accounting of all payments it has made to Ms. Hardy after September 30, 2024, and any amounts it has withheld pursuant to the writ of garnishment.

3. <u>If the United States is able to obtain evidence of Ms. Hardy's nonexempt interest in property held by Garnishee via an Answer filed by Garnishee, the Court will determine the amount of the judgment against Garnishee by calculating the difference between the amount Garnishee withheld under the writ and the amount it was required to withhold under the writ. If Garnishee continues to fail to answer and thereby deprives the United States and this Court of information necessary to calculate Ms. Hardy's nonexempt interest in the property held by the Garnishee, the Court will enter judgment based on the best estimate available to it based on the</u>

---

[2] The Court has modified the United States' proposed order. Additions are shown in underline and deletions in strikethrough.

[PROPOSED] ORDER FOLLOWING SHOW CAUSE HEARING
Case No. 2:24-mc-00053-LK - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  record in this case, up to $34,063.23, plus attorney's fees. *See United States v. Webb*, No. 3:10-
2  CV-294-CRS, 2023 WL 1991569, at *2 (W.D. Ky. Feb. 14, 2023) (imposing judgment based on
3  the best estimate of the judgment debtor's nonexempt interest in property of the garnishee);
4  *Brinskele v. United States*, No. C-13-MISC-80094 JSW (DMR), 2014 WL 12601027, at *6
5  (N.D. Cal. Apr. 15, 2014) (imposing a judgment amount "represent[ing] an approximation of
6  [Garnishee's] payment to [the judgment debtor] during [the relevant] time based on [the
7  judgment debtor's] average daily compensation rate for the past three years"), *report and*
8  *recommendation adopted*, 2014 WL 4826153 (N.D. Cal. Sept. 29, 2014); *see also* 28 U.S.C. §
9  3205(c)(6) ("The court may award a reasonable attorney's fee to the United States and against
10 the garnishee if the writ is not answered within the time specified therein and a petition requiring
11 the garnishee to appear is filed as provided in this section.").

   4. The United States shall promptly serve a copy of this Order on Ms. Hardy and Garnishee and file proof of service.

   Dated this ~~8~~9th day of January 2026.

*[signature: Lauren King]*

Hon. Lauren King
United States District Judge

Presented by:

s/ *Kyle A. Forsyth*
Kyle A. Forsyth, WSBA #34609
Assistant United States Attorney

{PROPOSED} ORDER FOLLOWING SHOW CAUSE HEARING
Case No. 2:24-mc-00053-LK - 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970